# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARDINAL HEALTH 110, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-389 |
| ) | |
| KUZY'S DRUG STORE, INC., ) | Chief Judge Ambrose |
| ANDREW F. KUZY, COLLEEN A. KUZY,) | Magistrate Judge Hay |
| THE HARVARD DRUG GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ | |
| | |
| THE HARVARD DRUG GROUP, LLC, ) | |
| ) | |
| Cross-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| KUZY'S DRUG STORE, INC., ) | |
| ANDREW F. KUZY, ) | |
| ) | |
| Cross-Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Cross-Defendants' Motion to Dismiss Cross-Claims (Doc. 21) filed by Cross-Claimant Harvard Drug Group, LLC, be denied.

### II. REPORT

#### A. PROCEDURAL BACKGROUND

On March 27, 2007, Cardinal Health 110 ("Cardinal" or the "Plaintiff") filed this

diversity action in order to recover $127, 227 from the Defendants, Kuzy's Drug Store, Inc. ("KDS"), Andrew Kuzy, Colleen Kuzy, and the Harvard Drug Group, LLC ("Harvard"). Cardinal alleges that in November 2001, it entered into a Retail Application and Agreement whereby it agreed to supply KDS with and KDS agreed to pay Cardinal for medical supplies and services.

As a condition precedent to conducting business with KDS, Cardinal required that KDS execute a Security Agreement in favor of Cardinal. This Agreement, signed in September 2001, granted Cardinal a security interest in the following personal property owned by KDS:

> All Debtor's fixtures, goods, machinery, equipment, vehicles, inventory, leasehold improvements, accounts, accounts receivable, deposit accounts, including, without limitation, those maintained with a bank or other financial institution, and all money, letter of credit rights and letter of credit proceeds and assignment thereof, chattel paper, including electronic chattel paper, documents, notes receivable, instruments, investment property, contract rights, general intangibles (including without limitation, all intellectual property, trade names, trade marks, trade secrets, service marks, patents, patent applications, copyrights, literary rights, royalties, data bases, software and software systems, licenses, franchises, customer lists, goodwill, and tax refunds), books and records, prescription files, patient lists, computer programs and records, and all other personal property, tangible or intangible (including, without limitation, all signs, appliances, cash registers, computers, computer software, shelving, check-out counters, compressors, freezers, coolers, display cases, customer records, sundries, tobacco products, health and beauty aids, home healthcare products and general merchandise and supplies); all accessions and additions to, substitutions for, and replacements of any of the foregoing; all proceeds or products of any of the foregoing; and all rights to payments under any insurance or warranty, guaranty, or indemnity payable with respect to any of the foregoing (collectively, the " Collateral").

(Doc. 1 Ex. B).

The complaint comprises four counts. In Count I, the Plaintiff identifies the action as one "for money owing for goods and services rendered," alleging that Defendant KDS is obligated to pay Cardinal $127,227, exclusive of interest, late fees, costs and attorneys fees (Doc. 1 at 4). In Count II, Cardinal alleges that it delivered goods and services pursuant to the terms of the Retail Agreement, that a demand letter was sent to KDS in August 2006 reflecting nonpayment, and that Cardinal is entitled to the damages specified in Count I. Count III of the Complaint rests on the Security Agreement made between Cardinal and KDS. Cardinal alleges that it holds a properly perfected, first priority security interest in the Collateral described in the Agreement by virtue of having filed a UCC-1 Financing Statement in February 2002, and a continuation in February 2007. Cardinal contends that because KDS failed to make payments when due, it defaulted under the Security Agreement, entitling Cardinal to all of the rights and remedies of a secured party. In the same Count, Cardinal alleges that Harvard "may have or claim to have some interest in or lien upon the Collateral." Id. at 8. Cardinal asks that the court bar all of KDS's right title and interest in the Collateral, and that it do the same with respect to the interest of any person or entity claiming the Collateral from, under or through KDS. In Count IV, Cardinal alleges that Defendants Andrew and Colleen Kuzy each executed an Unconditional Guaranty pursuant to which they irrevocably and unconditionally guaranteed payment of all sums thereafter due from the Kuzys to Cardinal, specifically referencing all obligations owing from KDS to Cardinal. Cardinal demands relief pursuant to the terms of the Guaranty Agreement.

On July 3, 2007, Harvard filed an Answer to Cardinal's Complaint, admitting that it holds a security interest in "certain personal property of Defendants [KDS] and Andrew Kuzy,

pursuant to a Security Agreement executed by [these Defendants], and pursuant to a UCC Financing Statement." (Doc. 15 at 7). Harvard asks the court to determine the priority of and foreclose the security interests held by Harvard and Cardinal.

Alleging supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a),[1] Harvard also filed Cross-Claims [2] against KDS and Andrew Kuzy, which are the subject of the pending Motion. Harvard alleges that in September 2004, KDS applied to do business on credit with Harvard, entering into a credit agreement binding it to pay for products and services ordered by KDS and supplied by Harvard. Andrew Kuzy personally guaranteed payment. KDS and Andrew Kuzy also granted Harvard a security interest in all of their personal property "for the purpose of

---

[1]This section reads as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

[2]Cross-claims are governed by Fed. R. Civ. P. 13 (g), which provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ P. 18 (a) clarifies that "a party asserting a . . . crossclaim . . . may join, as independent or alternative claims, as many claims as it has against a [co-party].

securing payment of all obligations and liabilities of KDS and Andrew Kuzy to Harvard." (Doc 15 at 12). Harvard alleges that it perfected this interest with the appropriate filing in August 2007. Although Harvard provided goods and services to KDS, KDS, despite multiple requests that it do so, failed to make payment and has accumulated some $75,000 in past due invoices. Harvard's Cross-Claims allege breach of contract by KDS, and breach of the personal guaranty by Andrew Kuzy. Harvard also seeks foreclosure on its security interest, makes a claim for account stated, and alleges fraudulent misrepresentation by KDS and Andrew Kuzy.

On June 15, 2007, KDS and Andrew Kuzy filed the pending Motion to Dismiss Harvard's Cross-Claims pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for a More Definite Statement of Count V, pursuant to Fed. R. Civ. P. 12(e). While this Motion was pending, Cardinal notified the Court that it had reached a settlement of its claims against KDS and the Kuzys and that a Stipulation dismissing these claims had been filed. On October 11, 2007, the Court entered an Order (Doc. 39 ) granting the Stipulation of Dismissal (Doc. 38) filed by Cardinal, KDS, Andrew Kuzy, and Colleen Kuzy. Harvard's Cross-Claims were explicitly excluded from the Order. KDS and Andrew Kuzy ("the Kuzy Defendants") argue that Harvard's Cross-Claims against them must be dismissed. The Court disagrees, finding that each of the arguments raised in support of the Kuzy Defendants' motion lacks merit.

### B. ARGUMENTS RAISED IN THE MOTION TO DISMISS

The Kuzy Defendants argue that the pending Cross-Claims should be dismissed for the following reasons: 1) Because Harvard has admitted that it has no interest in the collateral claimed by Cardinal, none of the counts comprising the Cross-Claims arises from the transaction

or occurrence which was the subject of the original claim; 2) the Cross-Claims are "clearly permissive," and cannot be retained absent independent grounds of federal jurisdiction; and 3) Harvard's claim for fraudulent misrepresentation is, in any event, inadequately pled, requiring that Harvard file a more definite statement of claim pursuant to Fed. R. Civ. P. 12(e). The Court will consider these arguments seriatim. As a preliminary matter, however, the Court must address an issue which has arisen since the parties filed and responded to the pending Motions: What impact, if any, does Cardinal's settlement of its primary claim against the Kuzy Defendants have on the Cross-Claims filed by Harvard?

### 1. Status of the Cross-Claims Following the Stipulation of Dismissal

The fact that Cardinal has settled its claims and entered into a stipulation of dismissal with the Kuzys and KDS does not affect the continued viability of Harvard's Cross-Claims. "This is but one illustration of the elementary principle that jurisdiction which has once attached is not lost by subsequent events." Atlantic Corp. v. U.S., 311 F.2d 907, 910 (1st Cir. 1963) (citations omitted).

Claims filed pursuant to Fed. R. Civ. P. 13(g) do not require an independent jurisdictional basis; proper cross-claims fall within the supplemental jurisdiction of the court under 28 U.S.C. § 1367. If there is jurisdiction over the primary claim, there is jurisdiction over a properly framed cross-claim. The Court of Appeals for the Third Circuit explained this principle as follows:

> If a federal court dismisses a plaintiff's claim for lack of
> subject matter jurisdiction, any cross-claims dependent
> upon ancillary jurisdiction must necessarily fall as well,
> because it is the plaintiff's claim to which the cross-claim
> is ancillary that provides the derivative source of

> jurisdiction for the cross-claim. Deviation from this rule
> would work an impermissible expansion of federal
> subject matter jurisdiction. Yet by the same token, once
> a district court judge has properly permitted a cross-claim
> under F. R. Civ. P. 13(g) . . .the ancillary jurisdiction that
> results should not be defeated by [dismissal of the] plaintiff's
> primary claim.

Fairview Park Excavating Co., Inc. v. Al Monzo Constr. Co., 560 F.2d 1122, 1125 (3d Cir. 1977). The Court noted that a contrary rule "would operate to make subject matter jurisdiction over every ancillary cross claim dependent upon that claim's being resolved prior to the plaintiff's primary action." Id. The Court then reaffirmed its holding in Aetna Ins. Co. v. Newton, 398 F.2d 729, 734 (3d Cir. 1968): " [A] dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant." Fairview Park, 560 F.2d at 1125 (citation omitted). [3] See also Pascocciello v. Interboro Sch. Dist., No. 05-5039, 2006 WL 1582314 at *2 (E. D. Pa. June 5, 2006) (recognizing that "[t]he Third Circuit has held that if a defendant has a cross claim pending, and the defendant is subsequently dismissed from the lawsuit for non-jurisdictional reasons, the cross-claim is still viable and may not be dismissed.") (citing Fairview Park, 650 F.2d at 1125; Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc., 823 F. Supp. 1188, 1190 (E.D. Pa. 1993)).

The holding in Fairview Park dictates the continued viability of the Cross-Claims pending when settlement was reached between Cardinal and the Kuzy Defendants. Because

---

[3] For another expression of the principle, see 6 J. Wright & A. Miller, Federal Practice and Procedure Section 1433 at 181 (1971) ("several courts have held that if the main action is terminated on nonjurisdictional grounds, then the court may continue to hear the cross-claim even though it does not satisfy the requirements for federal subject matter jurisdiction.")

disposition of the Plaintiff's primary claim was non-jurisdictional, that disposition does not deprive the Court of ancillary jurisdiction over Harvard's Cross-Claims.[4]  With this initial question resolved, the Court turns to the issues raised in the pending Motion to Dismiss.

### 2.  The Requirements of Fed. R. Civ. P. 13(g)

The Kuzy Defendants argue first that the claims set out in Harvard's Cross-Claims do not

> arise out of the same transaction or occurrence as the original claim.  The original claim concerns an alleged debt for the purchase of pharmaceutical goods by Kuzy from Cardinal.  The cross-claim concerns <u>other</u> <u>purchases</u> by Kuzy from another supplier, Harvard.  On its face it is clear that these are unrelated transactions, would consist of separate disputes, and would normally be resolved separately.

(Doc. 27 at 3)(emphasis in original).   While this statement is accurate, it is irrelevant.  Harvard does not contend that its dispute with the Kuzy Defendants has its genesis in the transaction or occurrence underlying Cardinal's complaint.  Instead, as Cardinal recognized in naming Harvard as a Defendant, what ties Harvard to Cardinal's dispute with the Kuzy Defendants is the fact that Harvard and Cardinal appear to have conflicting interests in at least some of the Kuzy's property.  Thus, Harvard's Cross Claims fall squarely within the parameters of Fed. R. Civ P. 13(g) because they "relate[ ] to . . . property that is the subject matter of the original action."  Id.

The Kuzy Defendants attempt to avoid this portion of the Rule by arguing that Harvard, in its pleading, "appears to deny that the [property] was the same," (Doc. 27 at 3), and, in any

---

[4]Even if Harvard's Cross-Claims were not subject to ancillary jurisdiction, settlement of Cardinal's claim against the Kuzy Defendants would not mandate their dismissal.  Because Harvard is a Michigan corporation with its principal place of business in that state, and the Kuzy Defendants are Pennsylvania citizens, this court has diversity jurisdiction over the Cross-Claims pursuant to the terms of 28 U.S.C. § 1332.

event, Cardinal's security interest took priority over Harvard's because it was filed first. The Defendants write: "Under these circumstances, it is clear that the cross-claim is not compulsory in nature and hence cannot be sustained on jurisdictional grounds." Id.

This analysis is flawed in several respects. First, Rule 13 does not draw a distinction between compulsory and permissive cross-claims.[5] Jurisdiction over a cross-claim is proper under the rule so long as that claim relates to <u>any</u> property that is the subject matter of the original action. Harvard's Answer to the Complaint does not eliminate the possibility that Harvard and Cardinal share an interest in at least some of the Kuzy Defendants' property. The security agreements drafted by each party were so broad that it is virtually impossible to imagine that they did not intersect. Given these circumstances, the Court is confident that Harvard's Cross-Claim satisfies the requirements of Rule 13(g).

Next, The Kuzy Defendants argue that the court should determine the propriety of the Cross-Claim by deciding which security interest takes precedence. This approach would put the proverbial cart before the horse by requiring the Court to analyze the merits of the dispute on an incomplete record in order to determine whether Harvard has stated a claim. The question at this juncture is whether Harvard has alleged a right in property also claimed by Cardinal - not the extent of that interest or whether Harvard's claim is, in fact, superior to Cardinal's. Which claim takes precedence is the very question that the parties ask this Court to resolve. This cannot be done by looking at the Cross-Claims alone**.**

---

[5]The case law cited by the Kuzy Defendants deals with compulsory *counterclaims* made pursuant to Fed. R. Civ. P. 13(a).

### 3. Cross-Claim Counts I, II, IV, and V

The Kuzy Defendants contend that Cross-Claim Counts I, II, IV, and V must be dismissed for lack of jurisdiction because they do not relate to the property and "simply constitute other claims that Harvard . . . asserts against the Kuzy Defendants, completely unrelated to the original claim or transaction." (Doc. 27 at 4). This argument ignores the provisions of Fed. R. Civ. P. 18(a), which provides: " In General. A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

Even in the absence of Rule 18(a), the portions of the Cross-Claims challenged here are not vulnerable to dismissal on jurisdictional grounds, as this Court has diversity jurisdiction, pursuant to the terms of 28 U.S.C. § 1332,[6] over each of the issues raised. Harvard was incorporated and maintains its principal place of business in the state of Michigan. The Kuzy Defendants are Pennsylvania citizens, KDS is located in Bentleyville, Pennsylvania, and the amount in controversy alleged exceeds $75, 000. [7]

---

[6]This statute reads, in pertinent part:

a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States

[7]The Kuzy Defendants seek to avoid the applicability of Section 1332, by arguing that the amount in controversy should be reduced by $15, 000 to reflect returns "which should be credited to the claim against the Kuzy Defendants which would serve to defeat the jurisdictional amount necessary to establish federal diversity jurisdiction." (Doc. 27 at 4 n.1). Examining the issues surrounding the attempted return would again place the court in the anomalous position of having to address the merits of the dispute in order to resolve the question of its own jurisdiction. Furthermore, the case law establishes that the amount in controversy for purposes of diversity jurisdiction is to be determined with reference to the good faith allegations in the complaint. See Spectacor Mgt. Group v. Brown, 131 F.3d 120, 122 (3d Cir.1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less

## 4. Harvard's Claim for Fraudulent Misrepresentation

In Count V, Harvard alleges that Andrew Kuzy, on behalf of himself and KDS, made misrepresentations of material fact when he described the financial condition of KDS in order to secure credit from Harvard. Harvard alleges that it received 2005 financial statements from Kuzy and was told at that time, in September 2006, that KDS's then current financial condition was the same or better than was reflected in the 2005 statements. According to Harvard, KDS's financial condition in September 2006 was actually worse than it had been in 2005.

The Kuzy Defendants argue that Harvard failed to state a claim in Count V because a representation of value expressed as an opinion cannot be the basis for a claim of fraud. In re Bowen, 58 F. Supp. 286 (D.C. Pa 1944). The District Court in Bowen quoted 37 C.J.S., Fraud, § 10, pp. 226, 227, in order to explain the principle of law which the Kuzy Defendants invoke:

> The general rule is that the mere expression of opinion or belief, or, more precisely, a representation which is expressed and understood as nothing more than a statement of opinion, cannot constitute fraud. To be actionable, a false representation must be one of fact as distinguished from an expression of opinion, which ordinarily is not presumed to deceive or mislead, or to influence the judgment of the hearer, and on which he has no right to rely, since he is assumed to be equally able to form his own opinion. Thus there can be no redress for error in representations which are expressed and understood as mere estimates or judgments.

58 F. Supp. at 296. According to the Defendants, "a fair reading of the complaint reveals no more than a representation and opinion that Kuzy's financial condition in 2006 was at least the

---

than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). The record here does not reveal any basis for an allegation of bad faith on Harvard's part.

same as in 2005." (Doc. 27 at 5). The Court disagrees. In fact, it is impossible to tell from the face of the Cross-Claim whether any statement made by Kuzy was a mere expression of opinion. Dismissal of the claim on the ground asserted is premature.

The focus in ruling on a Motion to Dismiss is not on resolving the merits of the dispute. The Court must accept as true all allegations set out in the Complaint, and view all reasonable factual inferences in the light most favorable to the non-moving party. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A claim will not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) so long as it alleges "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether [it] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Harvard's Cross-Claim alleging misrepresentation meets this standard.

It is true that claims relating to fraud or misrepresentation must also meet the stringent pleading restrictions of Fed. R. Civ. P. 9(b): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." In order to comply with Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004)). To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation. See Lum at 224.

The Court is convinced that Harvard's Cross-Claim based on misrepresentation satisfies the requirements of Rules 12(b)(6) <u>and</u> 9 (b). Harvard's allegations set out the prima facie elements of a fraud claim, stating with particularity who is alleged to have made the misrepresentation to Harvard, the date of the statement, and its substance. A close reading of their brief establishes that the essence of the Kuzy Defendants' argument is not that Harvard failed to supply adequate detail regarding the alleged misrepresentation. It is instead that the statement described by Harvard does not constitute an actionable misrepresentation. As the Court has explained, it is satisfied that Harvard has alleged misrepresentation of "actual material facts of financial condition" sufficient to withstand a motion to dismiss. (Doc 27 at 5). It is satisfied, too, that Harvard has stated the circumstances of the alleged fraud with sufficient particularity to place Kuzy on notice of the "precise misconduct with which [he is] charged." <u>Lum</u>, 361 F.3d at 223-224 (3d Cir. 2004)

## III. <u>CONCLUSION</u>

For the reasons set out above, the Motion to Dismiss Harvard's Cross-Claims should be denied. The Defendants' alternative Motion for a More Definite Statement with respect to Count V of the Cross-Claims (Doc. 21) should also be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

*/s/  Amy Reynolds Hay*
United States Magistrate Judge

Dated:   7  January, 2008

cc: Hon. Donetta W. Ambrose
United States District Judge

All counsel of record by Notice of Electronic Filing